IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION


**ERIC HOUSE, and**
**MARQUEL ALI,**                                             **CIVIL ACTION NO.**  3:16-cv-06654

        **PLAINTIFFS,**

**v.**


**RENT-A-CENTER FRANCHISING**
**INTERNATIONAL, INC.,**

        **DEFENDANT.**


## COMPLAINT

Your Plaintiffs, Eric House and Marquel Ali, bring this civil action under federal law and the laws of the State of West Virginia for unlawful racial discrimination and employment practices arising from their work with Defendant Rent-A-Center Franchising International, Inc. Plaintiffs seek injunctive relief ordering Defendant to take appropriate action to prevent further acts of discrimination and harassment by individuals who have repeatedly engaged in hostile acts of racism against African-American employees of Defendant's Huntington retail store. These hostile acts include the repeated burning of furniture directly outside the store, the painting of racist graffiti on the store's outside wall, and racist remarks and threats directed toward your Plaintiffs, Mr. House and Mr. Ali.

Although Plaintiffs and other African-American employees have repeatedly notified Defendant's management that they feel threatened and believe they are in danger, the Defendant has refused to provide a safe environment for its African-American employees, thereby preventing Plaintiffs from fully enjoying all entitlements and benefits of the employment relationship.

Plaintiffs now seek injunctive relief and monetary damages to compensate them for the emotional distress caused by Defendant's reckless disregard of the discriminatory and hostile work environment at its Huntington, West Virginia store.

## PARTIES

1. Plaintiff, Eric House, is an African-American male who is a citizen and resident of Ohio.

2. Plaintiff, Marquel Ali, is an African American male who is and, at all times mentioned, was a citizen and resident of Cabell County, West Virginia.

3. Defendant Rent-A-Center Franchising International, Inc., is a foreign corporation licensed to do business and doing business in the state of West Virginia. Defendant operates numerous stores that lease consumer goods.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this civil action under Article III, §2 of the United States Constitution and 28 U.S.C. §1331.

5. Venue is appropriate in this case under 28 U.S.C. §1391(b) because Defendant is a resident of the state of West Virginia under 28 U.S.C. §1391(c)(2) and a substantial part of the events giving rise to this claim occurred in Huntington, West Virginia which is in the Southern District of West Virginia.

## FACTUAL ALLEGATIONS

6. The Defendant first hired Mr. House to work at one of its stores in the San Diego area of California.

7. Last year, Mr. House moved to Ohio with his family, and was transferred to a position at one of Defendant's Huntington, West Virginia locations.

8. On or about November 2015, Mr. Ali was hired by and began his employment with Defendant.

9. Plaintiffs are both employed at the Defendant's store located at 830 14th Street West, in Huntington, West Virginia

10. At all times alleged, Mr. House performed his duties properly, and met or exceeded Defendant's reasonable performance standards.

11. At all times alleged, Mr. Ali performed his duties properly, and met or exceeded Defendant's reasonable performance standards.

12. The Defendant has implemented a non-discrimination policy, and encourages its employees to report racial discrimination as soon as it occurs.

13. Since working at the store in Huntington, Plaintiffs have repeatedly experienced racial discrimination and harassment from customers in the course of and as a result of their employment.

14. Within the past several weeks, when discussing a transaction with a customer over the phone, said customer used the racial epithet "ni**er" and threated to travel to the store and "kill all you ni**ers."

15. Mr. House timely reported the racist comment and threat to his supervisor and alerted corporate headquarters about the matter.

16. Plaintiffs were then informed that they would be required to continue to communicate and conduct business with the individual(s) who threatened and used racial slurs against Plaintiffs and other African-American employees.

17. Soon after a customer called used racial slurs and threatened physical harm to Plaintiffs and other African-American employees, Mr. Ali arrived for work and saw that a couch had

been burned and the letters "KKK' painted on the side of the store, directly above the burnt couch.

18. Mr. Ali and another employee promptly called the police to file a report regarding this discovery.

19. Mr. House returned to work the day after Mr. Ali discovered the above stated couch and graffiti, at which time he also saw the "KKK" graffiti on the wall.

20. Mr. House reported the racist graffiti and the fire started outside of the building to Defendant.

21. Defendant represented it would resolve the matter, but no action was taken.

22. While working in the store recently, Mr. House witnessed two, tall white men, each of whom openly carried a pistol while in the store. Given the previous circumstances, as alleged, Mr. House feared even more for his safety, and reported the matter to corporate Defendant.

23. Following Mr. House's protected reports, the Defendant failed to take proper and meaningful action to protect its employees' safety and/or to protect employees from racial discrimination and harassment.

24. On June 20, 2016, when Mr. House and Mr. Ali reported to work, they found another burned couch outside of the Defendant's store.

25. Plaintiff's promptly called the police and filed another police report.

26. On information and belief, the acts as alleged by Plaintiffs result from racial discrimination and harassment against themselves and other similarly-situated African-American employees of Defendant.

27. Defendant has failed to properly investigate and timely remedy the matter, which has resulted in the embarrassment, emotional distress, anxiety, fear and humiliation of Plaintiffs.

28. Following the discriminatory racial remarks and threats made by customers and Plaintiffs' reports of the same to management and/or agents of Defendant, as alleged above, Mr. House and Mr. Ali have continued to experience and suffer discriminatory and harassing remarks and treatment, including but not limited to threats, racial slurs and harassment from customers and/or other individuals at the Defendant's Huntington location.

29. Defendant's repeated failure to remedy the discriminatory treatment against its African-American employees, including Mr. House and Mr. Ali, has caused them to suffer emotional distress, fear and harm in the course of the day to day performance of their job duties.

30. Plaintiffs fear for their safety when working.

31. Plaintiffs have suffered emotional damages and they seek injunctive and monetary relief as requested in their prayer for relief.

## COUNT I: RACE DISCRIMINATION IN VIOLATION OF THE WEST VIRGINIA HUMAN RIGHTS ACT

32. Plaintiffs incorporate the previous paragraphs as if set forth herein.

33. Throughout their employment, the Plaintiffs have satisfied all requisite job qualifications, were qualified for the positions they held, and performed their jobs in a manner that fully met or exceeded the Defendant's legitimate expectations.

34. The Defendant treated employees who are not African-American more favorably than Plaintiffs and other African American employees.

5

35. On information and belief, employees who are not African-American were not repeatedly subjected to racial comments, slurs and other aggressive and discriminatory acts; and their reports of any similar such behavior were addressed and/or remedial action taken.

36. The Plaintiffs' race is and was a motivating factor in the Defendant's disregard of Plaintiffs' reports and their right to work in an environment free from harassment and discrimination.

37. But for the Plaintiffs' protected status as African-American persons, the Defendant would not have required them to continue working in a discriminatory and hostile environment which has ultimately caused and continues to cause them emotional harm.

38. Defendant's treatment of Plaintiffs because of their race was done with malice and/or with reckless indifference to Plaintiffs' rights and Plaintiffs' emotional and physical well-being.

39. As a direct and proximate result of Defendant's actions and/or failure to take appropriate action, Plaintiffs have suffered and continue to suffer substantial damages. Wherefore, Plaintiffs request relief as provided in the prayer.

## COUNT II: HOSTILE WORK ENVIRONMENT

40. Plaintiffs incorporate the previous paragraphs as if set forth herein.

41. Plaintiffs are African American and as such are members of a protected class.

42. During the course of their employment, Plaintiffs were continually subjected to harassment based upon their race including, but not limited to, the slurs, threats and actions as stated above.

43. Plaintiffs did not consent to, encourage or welcome the harassment described in the preceding paragraphs.

44. The harassment against Plaintiffs was and continues to be sufficiently severe and/or pervasive as to alter the Plaintiffs' conditions of employment, has unreasonably interfered with Plaintiffs' work environment and their ability to safely perform their jobs and/or has created an abusive and hostile work environment.

45. Plaintiffs gave Defendant notice of the harassment and hostile work conditions as previously alleged and/or Defendant had notice of the harassment because it was and continues to be pervasive and obvious.

46. Defendant failed to properly investigate and take remedial action in response to Plaintiffs' and other employees complaints of harassment and/or hostile work environment.

47. Harassment and discrimination continued to occur following Plaintiffs' aforementioned reports.

48. Defendant acted with malice and/or with reckless indifference to Plaintiffs' rights under the West Virginia Human Rights Act, W.V. Code §5-11-1 *et seq*., the common law and public policies of the state of West Virginia and Plaintiffs' emotional and physical well-being.

49. As a proximate result of Defendant's actions and/or failure to take appropriate remedial action(s), Plaintiffs have suffered and continue to suffer emotional distress, anxiety and fear, which could have been prevented had Defendant not created and/or fostered a hostile work environment. Wherefore, Plaintiffs request relief as provided in the prayer.

## COUNT III: DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981

50. Plaintiffs incorporate the above paragraphs as if set forth herein.

51. Plaintiffs have a right to work in a safe environment free from harassment, discrimination and fear and to enjoy all benefits, privileges, terms and conditions of their employment relationship.

52. Plaintiffs were discriminated against and denied the full benefits and privilege of their employment because of their race.

53. By the conduct, actions and/or lack of corrective action as previously alleged, Defendant has intentionally deprived Plaintiffs of the same rights enjoyed by white employees regarding the creation, performance, enjoyment and any and all other benefits and privileges of their contractual employment relationship in violation of the Civil Rights Act, 42 U.S.C. § 1981.

54. As a result of Defendant's discrimination in violation of Section 1981, the Plaintiffs have been denied benefits and privileges of the employment relationship and have suffered anguish, humiliation, distress, inconvenience and further emotional distress and harm.

55. Defendant's actions as alleged above, were done with malice and/or reckless indifference to the rights of Plaintiffs.

56. To remedy Defendant's violation of their rights, Plaintiffs request relief as provided in the prayer.

## COUNT IV: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

57. Plaintiffs incorporate the above paragraphs as if set forth herein.

58. Defendant owed the Plaintiffs a duty to act with reasonable care in enforcing and implementing the anti-discrimination and harassment laws and public policies of the United States, the state of West Virginia and Defendant's own policies which claim to conform to the laws of this country and state.

59. Defendant owed the Plaintiffs a duty to act with reasonable care in providing Plaintiffs with a safe workplace free from discrimination, harassment and threats based on their race.

60. After Plaintiffs notified Defendant's supervisory personnel about their treatment, the Defendant breached its duties to Plaintiffs by failing to take remedial action and by negligently and/or recklessly requiring Plaintiffs to continue to work in a discriminatory, hostile and demeaning work environment.

61. Defendant's breaches were wanton, reckless and in deliberate disregard of Plaintiffs' safety, federal law, the laws of the state of West Virginia and Defendant's own anti-discrimination and harassment policies.

62. Plaintiffs' have suffered emotional and economic damages as a proximate result of Defendant's reckless and negligent conduct; Plaintiffs' damages were and are foreseeable as a result of Defendant's conduct.

## COUNT V: OUTRAGE

63. Plaintiffs' incorporate the preceding paragraphs by reference as if set forth herein.

64. Defendant's above actions were atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency.

65. Defendant acted with the intent to inflict emotional distress, and/or acted recklessly when it was certain or substantially certain emotional distress would result from its conduct.

66. Defendant's actions caused the Plaintiffs to suffer emotional distress, humiliation and fear.

67. The emotional distress suffered by the Plaintiffs was and is so severe that no reasonable person could be expected to endure it.

WHEREFORE, Plaintiffs request judgment against the Defendant, Rent-A-Center, as follows:

a.  On Counts I, II and III, grant injunctive relief requiring Defendant to take all necessary measures to end and prevent the existing racial discrimination, intimidation and harassment against Mr. House, Mr. Ali and other African-American employees;

b.  On all Counts, grant Plaintiffs actual damages for any lost wages (back and front pay), lost compensation and benefits and any other out-of-pocket expenses that Plaintiffs have suffered and/or may suffer as a result of Defendant's actions and its failure to remedy the racial discrimination, harassment and hostile work environment, as well as costs of treatment for emotional and/or physical harm suffered by Plaintiffs as a direct and/or proximate result of the above stated unlawful actions;

c.  On all Counts, grant Plaintiffs general and compensatory damages for annoyance, inconvenience, embarrassment, fear, loss of enjoyment of life, humiliation and any other pain and suffering and emotional harm suffered by Plaintiffs as a direct and/or proximate result of Defendant's aforementioned actions;

d.  On all Counts, grant Plaintiffs punitive damages sufficient to deter future improper conduct and ensure Defendant protects its employees from a workplace that is discriminatory, hostile and dangerous;

e.  Grant Plaintiffs their attorney fees and the costs associated with pursuing this action;

f.  Prejudgment and post judgment interest on all amounts allowed by law;

g.  Such further relief as is supported by the law; and

h.  Any relief this Court deems fair and proper in the interest of justice.

**PLAINTIFFS REQUEST A TRIAL BY JURY ON ALL ISSUES.**

PLAINTIFFS, ERIC HOUSE
and MARQUEL ALI,
By Counsel,

/s/ Hoyt Glazer
Hoyt Glazer, Esq. (WV Bar #6479)
Law Office of Hoyt Glazer, PLLC
618 Tenth Street, Suite 105
Huntington, WV 25701
p. 681-204-3914
f. 681-245-6283